# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION
Civil Action No. 1:10-cv-248

| | |
|---|---|
| MICHAEL MACKO d/b/a DISASTER MASTER,<br><br>    Plaintiff,<br>v.<br><br>DISASTER MASTERS, INC.<br>and RON ALFORD,<br>    Defendants | COMPLAINT |

Plaintiff Michael Macko d/b/a Disaster Masters ("Plaintiff Macko" or "Plaintiff"), for his Complaint against Defendant, alleges the following:

## PARTIES AND JURISDICTION

1. Plaintiff Macko is a sole proprietor who does business under the name Disaster Master. He is a citizen of North Carolina residing in Winston-Salem within this Judicial District. Macko provides general construction services for businesses, individuals, and insurers in the State of North Carolina.

2. Upon information and belief, Defendant Disaster Masters, Inc. ("Disaster Masters NY") is a corporation incorporated under the laws of New York.

3. Upon information and belief, Defendant Ron Alford ("Alford") is a citizen and resident of New York who, upon information and belief, owns the corporate defendant Disaster Masters NY or controls the actions of such corporate defendant.

4. Disaster Masters NY represents that it solicits and does business relevant hereto and promotes its goods throughout the United States and specifically represents that it does so to residents of North Carolina. Disaster Masters NY also represents that its products and services are directed to broad consumer markets that include all consumers affected by disasters and catastrophes and any person in North America (including *a fortiori* North Carolina) who owns or manages property.

5. Disaster Masters NY, however, is not authorized or registered to do business in the State of North Carolina.

6. As set forth herein, this action also involves a claim for Declaratory Judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2202, and the trademark laws of the United States, 15 U.S.C. §§ 1051-1127.

7. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a) and 2201, and Rule 57 of the Federal Rules of Civil Procedure.

8. In addition, the amount in controversy in this matter exceeds $75,000.00, exclusive of costs, pre- and post-judgment interest and attorneys' fees. Consequently, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties to this action.

9. Pursuant to 28 U.S.C. §§ 1391, venue is proper in this Court. Venue is also proper in this Court because plaintiff is a resident of this judicial district and the causes of action described herein arose in this judicial district. Further, as set forth below, Defendants have injured Plaintiff within this state and within this judicial district by,
2

among other things, publishing false, malicious and defamatory information across the internet and otherwise to third-parties in a manner that impugns Plaintiff in his business, trade, and occupation.

## FACTS

10. Defendants contend that they are competitors of Plaintiff Macko for services pertaining to disaster restoration services.

11. Defendants have wrongfully contended that Plaintiff Macko had no legal right to use the trade names, marks and logos that have to date been utilized in connection with Plaintiff Macko's business. Plaintiff Macko vigorously disputes such allegations.

12. Despite Plaintiff Macko's lawful conduct and lack of jurisdictional contacts with the State of New York, on or about August 28, 2009, Disaster Masters NY, with knowledge or and at the direction of Defendant Alford, instituted a civil action against Plaintiff in the United States District Court for the Southern District of New York, Case Number 09 CV 5749 (the "New York Action"), asserting purported claims against Plaintiff Macko for, among other things, trademark infringement under the Lanham Act, 15 U.S.C. §1121. Plaintiff has contested the jurisdiction of that Court over him (seeking dismissal or, alternatively, transfer of the action to this Court), and therefore the dispute between the parties is ongoing and has not been resolved.

13. Plaintiff Macko has recently discovered that on or about March 2009, Defendants, through Defendant Alford acting on behalf of Disaster Masters NY, have published on internet websites, including a www.linkedin.com "group" site specifically

3

targeted to individuals doing disaster claims related business in the Charlotte area, false and defamatory statements concerning Plaintiff.

14. Attached as Exhibit A hereto is a true and accurate copy of an example of one such defamatory web posting made by Defendants. As set forth therein, such posting was read by a business referral of Plaintiff Macko. Upon information and belief, Defendant has published numerous other oral or written defamatory statements in an intentional effort to injure Plaintiff Macko.

### **FIRST CLAIM FOR RELIEF**
**(Defamation)**

15. Plaintiff Macko realleges and incorporates paragraphs the preceding paragraphs as if set forth fully herein.

16. The defamatory statements published to third parties by Defendants concerning Plaintiff Macko outlined above and in the exhibit referenced above include without limitation:

    A. A false factual assertion that Plaintiff Macko "willfully steals" trademarks;

    B. A false factual assertion that Plaintiff Macko "should not be trusted in business;" and

    C. A false factual assertion that any "claim" (i.e., business) "from them [Plaintiff Macko] is likely to be as crooked as their other behaviors."

17. Upon information and belief, Defendants have published other, similar defamatory statements concerning Plaintiff Macko, the precise nature of which will be determined through discovery in this action.

4

18. The aforementioned statements by Defendants caused injury to the plaintiff within this State.

19. The aforementioned statements made by Defendants were false, libelous, slanderous, and defamatory statements concerning Plaintiff Macko, which statements were published to third persons.

20. The aforementioned statements made by Defendants were intentionally and maliciously published to third parties.

21. The aforementioned statements made by Defendants constitute defamation and libel *per se* by impugning Plaintiff Macko in his trade and business.

22. Alternatively, the aforementioned statements made by Defendants constitute defendant and libel *per quod*, and Plaintiff Macko has and will incur special damages, including damages arising from permanent loss of business relationships, contracts, and lost profits.

23. The aforementioned statements by Defendants proximately caused injury to the plaintiff within this State in an amount in excess of $75,000.00, exclusive of costs, pre- and post-judgment interest and attorney fees.

24. The aforementioned conduct of Defendants was and is substantially aggravated, intentional, and malicious.

25. As a proximate result of Defendants' substantially aggravated, intentional, malicious, and wrongful conduct, Plaintiff Macko is also entitled to an award of punitive damages against Defendants jointly and severally, in an amount to be determined at the trial of this action in excess of $75,000.00 exclusive of costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Violation of N.C. Gen. Stat. § 75.1.1 *et seq.*)

26. Plaintiff Macko realleges and incorporates paragraphs the preceding paragraphs as if set forth fully herein.

27. Defendants have engaged in acts, omissions and practices, as described above, that were unfair and deceptive and that offend established public policy. The acts, omissions and practices of Defendants, which upon information and belief are ongoing, were and are unfair, immoral, unethical, oppressive, unscrupulous and substantially injurious to competition and specifically injurious to Plaintiff Macko.

28. Defendants' acts, omissions and practices, as alleged above, constitute unfair or deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1 et seq.

29. As a result of Defendants' unfair and deceptive acts and practices, Plaintiff Macko has been damaged in this State in an amount in excess of $75,000.00.00, exclusive of costs, pre- and post-judgment interest and attorneys fees. Pursuant to N.C. Gen. Stat. §§75-16 and 75-16.1 and other applicable law, Plaintiff Macko is entitled to have such damages trebled and to an award of reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

30. Plaintiff Macko realleges and incorporates paragraphs the preceding paragraphs as if set forth fully herein.

31. Disaster Masters NY has sued Plaintiff Macko in the United States District Court for the Southern District of New York for, *inter alia*, infringement of United States

Trademark Registration No. 1,208,996 for the trademark "Disaster Masters Inc." in stylized form and United States Trademark Registration No. 1,733,891 for the trademark "DISASTER MASTERS".

32. An actual, justiciable controversy thus now exists between Plaintiff Macko and Defendant Disaster Masters NY.

33. Plaintiff Macko's use of "Disaster Master" in connection with his business has not infringed Defendant Disaster Masters NY's purported trademark rights in United States Trademark Registration No. 1,208,996 or Defendant Disaster Masters NY's purported common law trademark rights.

34. Plaintiff Macko's use of "Disaster Master" in connection with his business has not infringed Defendant Disaster Masters NY's purported trademark rights in United States Trademark Registration No. 1,733,891 or Defendant Disaster Masters NY's purported common law trademark rights.

35. Plaintiff Macko's use of "Disaster Master" in connection with his business has not caused any likelihood of confusion with any of Defendant Disaster Masters NY's purported trademark rights.

36. Plaintiff Macko's use of "Disaster Master" in connection with his business has not caused any damage to Defendants.

37. Plaintiff Macko seeks a Declaratory Judgment from this Court that the use of the terms "Disaster Master" in connection with Mr. Macko's North Carolina-based business does not infringe, and has not infringed, the asserted United States Trademark

7

Registration No. 1,208,996 or Defendant Disaster Masters NY's purported common law trademark rights.

38. Plaintiff Macko seeks a Declaratory Judgment from this Court that the use of the terms "Disaster Master" in connection with Mr. Macko's North Carolina-based business does not infringe, and has not infringed, the asserted United States Trademark Registration No. 1,733,891 or Defendant Disaster Masters NY's purported common law trademark rights

39. Plaintiff Macko seeks a Declaratory Judgment from this Court that the use of the terms "Disaster Master" in connection with Mr. Macko's North Carolina-based business has not caused any actionable damages to Defendants.

## NOTICE OF MOTION
### (Temporary Restraining Order and for Preliminary and Permanent Injunction, Fed. R. Civ. P. 65)

40. Plaintiff Macko realleges and incorporates paragraphs the preceding paragraphs as if set forth fully herein.

41. A preliminary and permanent injunction is necessary in the instant case pending a determination of Plaintiff Macko's claims against Defendants to prevent irreparable damage to Plaintiff Macko's contractual and prospective contractual relations, employees, customers and good will.

42. Plaintiff Macko is likely to succeed on the merits of the claims alleged herein.

43. Plaintiff Macko is suffering and will continue to suffer irreparable harm as a result of the wrongful conduct of Defendants as described hereinabove.

44. The balancing of the equities favors entry of an injunction in Plaintiff Macko's favor.

45. Plaintiff Macko requests (and by separate Motion pursuant to LR 7.3 and 65.1 may formally move via separate filing) that Defendants be ordered in the form of a temporary restraining order and preliminary injunction to refrain from publishing any oral or written (including via internet postings) factual assertions or statements asserting that

   a. Plaintiff Macko or his businesses have acted "willfully" or "intentionally" by "stealing" or misappropriating any thing of value of Defendants;

   b. Plaintiff Macko or his businesses are "crooked;"

   c. Plaintiff Macko or his businesses should "not be trusted;"

   d. Plaintiff Macko or his businesses are untrustworthy; or

   e. Plaintiff Macko or his businesses are operating with business names, marks, or logos in a manner not permitted by applicable law.

Plaintiff Macko's investigation into Defendants' defamatory conduct is continuing and he reserves the right to seek injunctive relief on other wrongful conduct of Defendants that such investigation may disclose.

46. Plaintiff Macko requests that such injunction remain in effect until final judgment in this action or until dissolved by a court of competent jurisdiction.

47. That after trial in this action, a permanent injunction be ordered to the same effect as the preliminary injunction requested above.

WHEREFORE, Plaintiff Macko prays that this Court enter an order:

(a) For a judgment of damages in excess of $75,000.00 against Defendants, jointly and severally (including general and special damages including lost profits), together with pre- and post-judgment interest as permitted by law;

(b) For a judgment of treble damages in favor of Plaintiff Macko pursuant to N.C. Gen. Stat. § 75-16;

(c) For a award of attorneys' fees pursuant to N.C. Gen. Stat. § 75-1.1 or other applicable law;

(d) For an award of punitive damages against Defendants jointly and severally, in an amount to be determined at the trial of this action;

(e) For a Declaratory Judgment that (i) the use of the terms "Disaster Master" in connection with Mr. Macko's North Carolina-based business does not infringe, and has not infringed, the asserted United States Trademark Registration No. 1,208,996 or Defendant Disaster Masters NY's purported common law trademark rights; (ii) the use of the terms "Disaster Master" in connection with Mr. Macko's North Carolina-based business does not infringe, and has not infringed, the asserted United States Trademark Registration No. 1,733,891 or Defendant Disaster Masters NY's purported common law trademark rights; and (iii) the use of the terms "Disaster Master" in connection with Mr. Macko's North Carolina-based business has not caused any actionable damages to Defendants.

(f) As requested in the Motion that will be submitted to this Court under separate filing, for a temporary restraining order, a preliminary injunction and permanent

10

~ Doc# 58009.1 - 35290/01500 ~

Case 1:10-cv-00248-UA-PTS   Document 1   Filed 03/30/10   Page 10 of 11

injunction restraining Defendant from engaging in the conduct and actions described hereinabove;

(g) For an order to the effect that the costs of this action be taxed against Defendants, and against each of them; and

(h) An such other orders and relief as the Court deems just and proper.

This the 30th day of March, 2010.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:/s/ Mark A. Stafford
    Mark A. Stafford
    N.C. State Bar No. 16835
    E-Mail: mark.stafford@nelsonmullins.com
    Candace S. Friel
    N.C. State Bar No. 36763
    E-Mail: Candace.friel@nelsonmullins.com
    380 Knollwood Street / Suite 530
    Winston-Salem, NC 27103
    Telephone (336) 774-3333; Fax (336) 774-3374
    *Attorneys for Plaintiff*